JUDGE'S COPY   copy

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FIDTLER,

    Plaintiff,

v.

PA DEPARTMENT OF CORRECTIONS,
CHARLES STROUP, KAREN RODGERS,
CHARLES MCCLOSKEY,
RAY SMITH,

    Defendants

**1:CV 01-0955**

Civil Action No. _____

FILED
HARRISBURG
MAY 3 0 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

## NOTICE OF REMOVAL

TO: THE PLAINTIFF, JOSEPH FIDTLER

AND NOW, come the Defendants, Pa. Department of Corrections, et al., by and through their attorney, Raymond W. Dorian, Assistant Counsel, and pursuant to 28 U.S.C. §1446, seek to remove to federal court the action previously filed by the Plaintiff in the Court of Common Pleas of Northumberland County to Docket No. CV-01-586. A true and correct copy of the Plaintiff's complaint filed on April 25, 2001 to Docket No. CV-01-586 is attached hereto. The Defendants seek to remove the action, since the Plaintiff's complaint asserts a civil rights action under 42 U.S.C. §1983. Specifically, the Plaintiff contends that he is being deprived of a daily allowance

or idle pay in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, the Defendants request that this Honorable Court remove the Plaintiff's state court action to federal court pursuant to 28 U.S.C. § 1446.

Respectfully submitted,

Raymond W. Dorian
Assistant Counsel
Attorney I.D. No. 48148

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: May 30, 2001

In The Court of Common Pleas
for The County of Northumberland
Pennsylvania

OFFICE OF THE SECRETARY
MAY 01 2001
Randy Deary
REFERRED

Joseph Fidtler
  Plaintiff

  vs.

Pa. Dept. of Corrections
Charles Stroup
Karen Rogers
Charles McCloskey
Ray Smith
  Defendants

Civil Action

No. CV-01-586

Complaint To Redress

Continued Class Based Animus Action Depriving Plaintiff of Rights Guaranteed By The U.S. Constitution and The Constitution of Pennsylvania

April 26, 2001
A TRUE AND ATTESTED COPY
_____
PROTHONOTARY

2001 APR 25 PM 3:16
PROTHONOTARY

## Jurisdictional Statement

As Plaintiff seeks to vindicate rights protected by the 5th and 14th Amendments, Artical 1 §9 cl. 3 to the U.S. Constitution pursuant to 42 U.S.C. §1983 and §1985(3) as §1983 supplements available state remedies to vindicate violations of constitutional rights, This court has jurisdiction of civil action to declare the rights of parties and to grant all further relief found necessary and proper.

## Parties

1) Plaintiff a member of a class convicted inmates is a citizen of the United States presently confined at SCI Coal Township, Pa.

2) Defendant Stroup, is the Education counsel at Coal Township, is sued in his individual and offical capacity.

3) Defendant Rogers, was acting unit manager at Coal Township, is sued in her individual and offical capacity.

4) Defendant McCloskey, is employment officer at Coal Township, is sued in his individual and offical capacity.

Defendant Smith, is vocational counsel at Coal Township, is sued in his individual and offical capacity.

5) Pa. Dept of Corrections is sued in it's offical capacity for injunctive relief.

Each named Defendant acted under color of state law.

## FACTS

In accordance to Pa. Dept. of Corrections Policy DC ADM-816-5 Inmates Compensation System effective Jan-10 1995 Plaintiff was entitled to an allowance because "Inmates who are unassigned though no fault of their own shall be given an allowance in accordance to this policy". Plaintiff believes this policy provides him a protected due process liberty intrest right under the 5th and 14th Amendment.

A recently enacted amendment to this policy — "Any inmate refusing an education program shall not be compensated in any manner" is applied retroactively, changing consequences of acts completed before it's effective date, whereby depriving Plaintiff of his constitutional rights under the 5th and 14th Amendments. Plaintiff arrived at this prison Jan 24, 1994 he was not required to participate in any programs under this policy. By law school attendance is mandatory if you are 16 years old or younger, or older inmates who read below 5th grade level. Plaintiff is 67 years old and read at a 12th grade level. Therefore he is not, by law required to participate in Pa. Dept. of Corrections school programs. Pursuant to the above mentioned Amendment, Defendants above named on Aug. 21/000 instigated a plan to force Plaintiff to participate in school programs against his will — stating "if Plaintiff refuse his allowance will be discontinued". On Aug. 24/000 Defendant Rogers, without notice or predeprivation hearing recomened the discontinuation of the allowance. Defendant McCloskey, without notice or hearing discontinued the allowance. On Sept. 5/200 Plaintiff filed an official grievance, Defendant Smith gained possession of the grievance and

called Plaintiff to his office and promised to restore the allowance if Plaintiff withdraw the grievance. This meeting with defendant Smith provided a binding agreement when Plaintiff agreed to the terms of this verbal contract. Defendant Smith disrespected the contract and failed to restore the allowance.

## Claims

Plaintiff claim the PA. Dept. of Corrections policy DC-ADM 816-5 as amended is unconstitutional under Artical 1 §9 CL[3] that "No ex post facto law shall be passed.", prohibits the Dept. of Corrections from enacting policy that applies retrospectively if it changes consequences of acts completed before it's effective date. The offending amendment deprives Plaintiff of his Due Process Liberty protected right — the right to rely on the legally imposed sentence — the enhancement of a sentence that does not stipulate or recomend participation in prison programs. Because substantive personal liberty right to choose what activies to engage in can only be infringed by restrictions that are not tantamount to punishment under the 5th and 14th Amendments. Plaintiff claim state law or policy which interfere with or are contrary to the U.S. Constitution are invalid.

Plaintiff claim that each named defendant became a willing participant under a single plan the nature and general scope of which was known to each defendant responsible for it's consequences did share a tacit understanding that an elicit agreement existed because of it's adverse effects upon an identifiable group which Plaintiff is a member for the purpose of forcing inmate attendance in federally funded programs against his will.

PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRRPARABLY INJURED BY DEFENDANTS ACTIONS UNLESS THIS COURT GRANT THE RELIEF WHICH HE SEEK____

## ____ RELIEF ____

A) DECLARATORY JUDGEMENT THAT THE AMENDED POLICY DC-ADM 815 IS UNCONSTITUTIONAL UNDER ARTICAL 1 §9 cl'3' AND THE 5TH AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

B) A PRELIMINARY AND PERMANENT INJUNCTION PROHIBITING THE DEFENDANTS FROM COMPELLING PLAINTIFF TO PARTICIPATE IN PROGRAMS AGAINST HIS WILL.

C) COMPENSATORY DAMAGES FOR DEPRIVATION OF HIS CONSTITUTIONAL RIGHTS IN ACCESS OF $5,000 FROM EACH NAMED DEFENDANT, WITH THE RETURN OF HIS ALLOWANCE EFFECTIVE FROM AUG. 21/2000.

D) PUNITIVE DAMAGES IN ACCESS OF $10,000 FROM EACH NAMED DEFENDANT.

E) A JURY TRIAL ON ALL FACTS TRIALABLY BY JURY AND SUCH OTHER RELIEF DEEMED PROPER AND EQUITBLE.

F) COST OF THIS ACTION.

PLAINTIFF DECLARES UNDER PENALTY OF PERJURY THAT ALL OF THE ABOVE FACTS, STATEMENTS AND CLAIMS ARE TRUE AND CORRECT.

DATED 4/16/001

s/ Joseph Fistler

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYVLANIA

| | |
|---|---|
| JOSEPH FIDTLER, | : |
| Plaintiff, | : |
| v. | : Civil Action No. _____ |
| PA DEPARTMENT OF CORRECTIONS, CHARLES STROUP, KAREN ROGERS, CHARLES MCCLOSKEY, RAY SMITH, | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Defendants' Notice of Removal upon the person(s) and in the manner indicated below.

Service by first-class mail
addressed as follows:

Joseph Fidtler, CD-2250
SCI-Coal Township
1 Kelley Drive
Coal Township, PA 17866-1020

Janelle C. Porr
Clerk Typist 2

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA 17011
(717) 731-0444

Dated: May 30, 2001