

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH FIDTLER, | : |
| Plaintiff, | : |
| | : Civil Action No. 1:CV-01-0955 |
| v. | : |
| | : (Judge Kane) |
| PA DEPARTMENT OF CORRECTIONS, | : |
| CHARLES STROUP, KAREN RODGERS, | : (Magistrate Judge Smyser) |
| CHARLES MCCLOSKEY, and | : |
| RAY SMITH, | : |
| Defendants | : |

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

I. **STATEMENT OF THE CASE**

Plaintiff is an inmate currently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"). He has brought this civil rights action under 42 U.S.C. §1983. The Defendants include the Pennsylvania Department of Corrections, Educational Guidance Counselor Stroup, Counselor Rodgers, Employment Vocational Coordinator McCloskey and Unit Manager Smith.

In his complaint, the Plaintiff challenges a recent amendment to Department Policy DC-ADM 816-5, entitled "Inmates Compensation System." Under the amendment to DC-ADM

816-5: "Any inmate refusing an educational program shall not be compensated in any manner." See Plaintiff's complaint at p. 3.

On August 21, 2000, the Defendants "instigated a plan to force Plaintiff to participate in school programs against his will" by discontinuing his inmate allowance or idle pay, if he refused to take part in educational programs. On August 24, 2000, Defendant Rodgers recommended a discontinuation of the inmate allowance or idle pay to the Plaintiff. Defendant McCloskey subsequently discontinued the allowance pay, "without notice or hearing." See Plaintiff's complaint at p. 3.

On September 5, 2000, Plaintiff filed an official inmate grievance. Defendant Smith allegedly promised to restore the Plaintiff's daily allowance or idle pay if he withdrew the grievance. Plaintiff agreed to the terms, but Smith "disrespected the contract and failed to restore the allowance." See Plaintiff's complaint at pp. 3-4. Plaintiff contends that the amendment to DC-ADM 816-5 is unconstitutional since it is an illegal ex post facto law. He also alleges that it deprives him of his due process rights. See Plaintiff's complaint at p. 4.

This matter was initiated by the Plaintiff filing a complaint in the Court of Common Pleas of Northumberland County on April 25, 2001. The Defendants subsequently removed this matter to Federal Court. This brief is filed in support of the Defendants' Motion to Dismiss Plaintiff's Complaint.

## II. STATEMENT OF ISSUES PRESENTED

1. SHOULD PLAINTIFF'S COMPLAINT BE DISMISSED, SINCE THE AMENDMENT TO DEPARTMENT POLICY DC-ADM 816-5 IS NOT AN UNCONSTITUTIONAL EX POST FACTO LAW?

    Suggested Answer: YES.

2

2.     SHOULD PLAINTIFF'S COMPLAINT BE DISMISSED, SINCE THE PLAINTIFF HAS NO RIGHT TO A DAILY ALLOWANCE OR IDLE PAY?

    Suggested Answer:   YES.

3.     SHOULD THE PLAINTIFF BE PROHIBITED FROM SUING THE DEFENDANTS IN THEIR OFFICIAL CAPACITY, SINCE DOING SO IS IN VIOLATION OF THE ELEVENTH AMENDMENT?

    Suggested Answer:   YES.

4.     SHOULD THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS BE DISMISSED AS A DEFENDANT, SINCE A STATE GOVERNMENTAL AGENCY IS NOT A PERSON FOR PURPOSES OF THE CIVIL RIGHTS ACT?

    Suggested Answer:   YES.

## III. ARGUMENT

1:     THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED, SINCE THE AMENDMENT TO DEPARTMENT POLICY DC-ADM 816-5 IS NOT AN UNCONSTITUTIONAL EX POST FACTO LAW.

### A. Standard for Motion to Dismiss

When evaluating a motion to dismiss, the Court must accept all material allegations of the complaint as true and construe all inferences in the light most favorable to the Plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957); *Flanagan v. Shively*, 783 F. Supp. 922, 927 (M.D. Pa. 1992). Dismissal of a complaint pursuant to Rule 12(b)(6) is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Coades v. Jeffes*, 822 F.Supp. 1189, 1190 (E.D. Pa. 1993); quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). A complaint that sets forth facts which affirmatively demonstrate that

3

the Plaintiff has no right to recover is properly dismissed without leave to amend. *Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

**B.     Ex Post Facto Clause:**

Article I of the U.S. Constitution prohibits the Congress or the states from enacting any ex post facto law. See Art. I, §9, cl. 3; Art. I, §10, cl. 1. An ex post facto law is any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." *Weaver v. Graham*, 450 U.S. 24, 28, (1981), *quoting Cummings v. Missouri*, 4 Wall. 277, 325-6, 18 L.Ed 356 (1867); *U.S. ex rel. D'Agostino v. Keohane*, 877 F.2d 1167, 1173 (3d Cir. 1989). Two conditions must be satisfied before a law can be deemed to transgress the ex post facto prohibition. Firstly, the law must be retrospective, that is, it must apply to events occurring before its enactment. *Weaver*, 450 U.S. at 29; *U.S. v. Brady*, 88 F.3d 227, 228 (3d Cir. 1996). Secondly, the change in the law must alter the definition of criminal conduct or increase the penalty by which a crime is punishable. *California Department of Corrections v. Morales*, 514 U.S. 499, 504 (1995); *Brady*, 88 F.3d at 228.

In *Brady*, a federal inmate was originally to serve a term of imprisonment followed by 5 years of supervised release. After he violated the terms of his supervised release, the trial court sentenced him to another term of imprisonment followed by 3 years of supervised release, pursuant to a change in the Sentencing Guidelines. The inmate contended that the change in the Sentencing Guidelines violated the ex post facto clause of the U.S. Constitution. The Third Circuit rejected that argument, on the basis that the new term of supervised release did not exceed the original maximum period of five years. Therefore, there was no increase in the criminal penalty.

4

The amendment to Department policy DC-ADM 816-5 is not an ex post facto law for a number of reasons. Firstly, the ex post facto analysis only applies to laws, which are punitive in nature. The Department policy in question does not alter the definition of criminal conduct or increase the penalty by which a crime is punishable. Rather, it is an internal Department policy, which deals with compensation to inmates for work performed. An internal policy dealing with inmate pay cannot be construed to be a criminal statute for purposes of the ex post facto law.

Secondly, there is no ex post facto violation, since the amendment is not being applied retroactively. That is, it is not being applied to any daily allowance or idle pay earned or received by the Plaintiff before the effective date of the amendment to the policy. Plaintiff indicates in his complaint that it was only after the effective date of the policy that his allowance pay was denied. Therefore, it is not being applied to acts completed before its effective date. Therefore, even assuming that the ex post facto law applies to a Department policy such as DC-ADM 816-5, it was not applied retroactively in the case of the Plaintiff.

In sum, there is no indication that the Plaintiff's sentence has been increased in any manner by the application of the Department's policy. Rather, the only thing that has been changed is the Plaintiff's receipt of a daily allowance or idle pay. Since the term of his sentence has not been affected by the amendment to the policy, the amendment does not violate the ex post facto law. *Morales, supra.*

2.  THE PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED, SINCE THE PLAINTIFF HAS NO RIGHT TO AN INMATE ALLOWANCE OR IDLE PAY.

Plaintiff contends that the amendment to the inmate compensation policy violates his due process rights. However, in order to have a violation of due process, protected property rights must be involved. The Plaintiff has no protected property right in receiving a daily allowance or

5

idle pay. It is well-established in this Circuit that a state prisoner has neither a liberty nor a property interest in his prison employment. *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975). "Traditionally, prisoners have had no entitlement to a specific job, or even to any job." *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989). Since a state prisoner has no liberty or property interest in his prison job, it necessarily follows that he has no constitutionally protected claim in the compensation he may receive. Therefore, there has been no due process violation in this instance.

Furthermore, it is noted that daily allowance or idle pay is normally given to inmates who are incapable of work or for whom no work is available. It is not equivalent to wages earned by a citizen outside the prison system, but rather it is a gratuity given to certain inmates in the prison system. In other words, the effect of the amendment is to take away from the Plaintiff something, which he never earned.

Furthermore, the government's intentional and systematic deprivation of inmate property is permitted under the due process clause, provided there is an adequate post deprivation remedy given to the individual. *Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 421 (3d Cir. 2000). In *Tillman*, the Third Circuit Court of Appeals held that the plaintiff inmate had an adequate post-deprivation remedy in the form of the prison grievance program. 221 F.3d at 422.

In this case, there was an inmate grievance system at SCI-Coal Township. According to the Plaintiff's complaint, he utilized that system. Specifically, he states that on September 5, 2000, he filed an official grievance concerning the amendment to the inmate compensation policy. Therefore, even assuming that the Plaintiff possessed some property right in the idle pay, there was no due process violation, since the Department of Corrections provided an adequate post deprivation remedy to the Plaintiff through the inmate grievance system.

6

3. THE PLAINTIFF SHOULD BE PROHIBITED FROM SUING THE DEFENDANTS IN THEIR OFFICIAL CAPACITY, SINCE DOING SO IS IN VIOLATION OF THE ELEVENTH AMENDMENT.

Under the Eleventh Amendment, an individual is not entitled to sue state actors in their official capacity. Quern v. Jordan, 440 U.S. 332 (1979); Edelman v. Jordan, 415 U.S. 650 (1974); Laskaris v. Thornburgh, 661 F.2d 23, 26 (3d Cir. 1981). The general rule is that relief sought nominally against a state officer is in fact against the sovereign if the decree would operate against the latter. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 908 (1984).

In his complaint, the Plaintiff sues the individual Defendants in their official and individual capacities. Therefore, the complaint should be dismissed to the extent that it is addressed to the Defendants in their official capacity. Otherwise, the complaint will be in violation of the Eleventh Amendment, to the extent that it seeks monetary damages from the Defendants in their official capacities.

4. THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS SHOULD BE DISMISSED AS A DEFENDANT, SINCE A STATE GOVERNMENTAL AGENCY IS NOT A PERSON FOR PURPOSES OF THE CIVIL RIGHTS ACT

The Pennsylvania Department of Corrections is not a person for purposes of the Civil Rights Act. In other words, states and their alter egos are not "persons" for purposes of §1983. State agencies are alter egos of the state and therefore, are not subject to liability under §1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Department of Corrections should be dismissed from this action.

7

## IV. CONCLUSION

For all of the above reasons, it is respectfully requested that the Court grant the Defendants' Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

Raymond W. Dorian
Assistant Counsel
Attorney I.D. No. 48148

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: June 5, 2001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FIDTLER,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　Civil Action No. 1:CV-01-0955
　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:　　(Judge Kane)
PA DEPARTMENT OF CORRECTIONS,　　:
CHARLES STROUP, KAREN RODGERS, :　　(Magistrate Judge Smyser)
CHARLES MCCLOSKEY, and　　　　　　:
RAY SMITH,　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　Defendants　　　　　　　　　:

### CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of the foregoing Defendants' Brief in Support of Motion to Dismiss Plaintiff's Complaint upon the person(s) and in the manner indicated below.

　　　　　　　　　　　　　　Service by first-class mail
　　　　　　　　　　　　　　　addressed as follows:

　　　　　　　　　　　　　Joseph Fidtler, CD-2250
　　　　　　　　　　　　　　SCI-Coal Township
　　　　　　　　　　　　　　　1 Kelley Drive
　　　　　　　　　　　　　Coal Township, PA  17866-1020

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Janelle C. Porr
　　　　　　　　　　　　　　　　　　　Clerk Typist 2

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: June 5, 2001