In the United States District Court for
The Middle District of Pennsylvania

Joseph Fiotler
v.
Pa. Dept. of Corrections, et al.

Civil Action

No. 1:CV-01-0955
(Judge Kane)
(Magistrate Judge Smyser)

FILED
HARRISBURG
JUN 14 2001
MARY E. D'ANDREA, CLE
Per _____
DEPUTY CLERK

Plaintiff's Brief in Respond To
Defendants Motion To Dismiss

For sake of clarity Plaintiff will address Defendants
statement of issues in same order.

STATEMENT of ISSUE

1. Should Plaintiff's complaint be dismissed, since the
the amendment to DOC Policy DC-ADM 816-5 is
unconstitutional?

Suggested Answer: No.

ARGUMENT

If a Plaintiff's complaint does specifically state a
constitutional violation, the court must then consider
whether the right which the defendants allegedly
violated was "clearly established." Anderson vs. Creighton
483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).
Plaintiff claim that he was deprived of his legitimate
expectancy of Idle Allowance without notice or predprivation
hearing. Plaintiff also alleges that he was deprived of his
personal liberty to choose what activities to engage in
when he was forced to participate in school programs.
The predicate for requiring the defendants to comply with
the rudiments of procedural due process is a determination
that some constitutional interest is at stake. Stana vs. School

Here plaintiff claims a liberty interest in his allowance authorized by policy DC-ADM 816-5. "Inmates who are unassigned though no fault of their own shall be given an allowance in accordance to this policy." To have a constitutionally protected liberty right, there must be a legitimate claim of entitlement. Stana, 775 F.2d at 126. While a clearly implied promise can give rise to a constitutionally protected right, Cornell v. Higginbotham, 403 U.S. 207, 91 S.Ct. 1772 29 L.Ed 2d 418 (1971), a person must have more than a unilateral expectation that such an entitlement exists. Board of Regents v. Roth, 408 U.S. 564, 577 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). The present record does establish a clear promise rather, there exists an unambiguous policy granting plaintiff entitlement to an allowance in accordance to policy DC-ADM 816-5. The amendment to DC-ADM 816-5 is unconstitutional, because it is punitive in nature, designed to punish plaintiff for asserting his constitutional rights to choose what activities to engage in. "The due process clause protects from arbitrary governmental action." Youngberg v. Romeo, 457 U.S. 307, 316, 102 S.Ct. 2109, 2100, 60 L.Ed.2d 668 (1979). This substantive liberty right can only be infringed by restrictions that are reasonably related to legitimate government objective but not tantamount to punishment. Youngberg, 457 U.S. at 320 102 S.Ct. at 2460. These principles are clearly established law and the defendants actions are not reasonably objective in light of this law. Since the due process clause protects liberty or property interest only if the "conditions or degree of confinement" are not a part of the sentence imposed. Kentucky Dept. of Corrections v. Thompson, 490 U.S. at 460-61 (1989).

DC-ADM 816-5 AS AMENDED DEPRIVES Plaintiff of his DUE PROCESS LIBERTY PROTECTED RIGHT — THE RIGHT TO RELY ON THE LEGALLY IMPOSED SENTENCE — THE ENHANCEMENT OF A SENTENCE THAT DOES NOT RECOMEND OR STIPULATE PARTICIPATION IN SCHOOL PROGRAMS.

FOR ALL OF THE ABOVE REASONS IT IS REQUESTED THAT THE COURT REJECT DEFENDANTS MOTION TO DISMISS AND ORDER THE DEFENDANTS TO FILE AN ANSWER TO PLAINTIFF'S COMPLAINT.

RESPECTFULLY SUBMITTED

DATE: 6/11/2001

s/ Joseph Fiedler

____ CERTIFICATE OF SERVICE ____

I HEREBY CERTIFY THAT I AM THIS DAY DEPOSITING IN THE U.S. MAIL A TRUE AND CORRECT COPY OF THE FOREGOING PLAINTIFF'S BRIEF UPON THE PERSON AND IN THE MANNER INDICATED.

Joseph Fiedler