ORIGINAL

FILED
HARRISBURG

JUN 2 1 2001

MARY E. D'ANDREA, CLE
Per_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FIDTLER,                     :
                                    :
          Plaintiff,                :
                                    :      Civil Action No. 1:CV-01-0955
     v.                             :
                                    :      (Judge Kane)
PENNSYLVANIA DEPARTMENT OF          :
CORRECTIONS, et al.,                :      (Magistrate Judge Smyser)
                                    :
          Defendants                :


## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## MOTION TO DIMSISS PLAINTIFF'S COMPLAINT


**I.     STATEMENT OF THE CASE**

     The Defendants incorporate herein by reference the Statement of the Case, which appears

in their Brief in Support of the Motion to Dismiss Plaintiff's Complaint, filed on June 5, 2001.


**II.    STATEMENT OF ISSUE PRESENTED**

     SHOULD PLAINTIFF'S COMPLAINT BE DISMISSED, SINCE HE FAILS TO
ALLEGE A VALID DUE PROCESS CLAIM?

     Suggested Answer:    Yes.

## III.    ARGUMENT

PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED SINCE HE FAILS TO ALLEGE A VALID DUE PROCESS CLAIM.

In his Brief in response to the Defendants' Motion to Dismiss, the Plaintiff claims that he has a liberty interest in receiving idle pay (also known as an inmate allowance under DC-ADM 816-05). In support of that position, he cites the case of *Stana v. School District of the City of Pittsburgh*, 775 F.2d 122 (3rd Cir. 1985). However, the *Stana* case does not support the Plaintiff's position.

First, the *Stana* case is distinguishable on its facts. There a former teacher alleged that her constitutional due process rights were violated when she was passed over for a high school teaching position and her name was removed from the eligibility list. The Third Circuit held that the teacher's retention on the eligibility list, which was a requirement for her to teach in the Pittsburgh School District, implicated a constitutional property interest. The evidence established that the School District created a "legitimate entitlement" through the policies that it promulgated. As such, "it represented both an existing policy or rule and an explicit understanding sufficient to constitute a property interest." 775 F.2d at 126.

However, we are not dealing with civilian employment in this instance. The courts have found there exists no property interest in inmate employment. To the contrary, the courts have consistently held that an inmate has no right to a particular work assignment in a prison. The Courts have found that no federal or Pennsylvania statute gives inmates a liberty interest in their prison work assignments. *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989), *cert. denied*, 493 U.S. 870 (1989); *Bryan v. Werner*, 516 F.2d 233, 240 (3d Cir. 1975); *Quinn v. Cunningham*, 879 F. Supp. 25, 27 (E.D. Pa. 1995), *aff'd w/o op.*, 85 F.3d 612 (3d Cir. 1996).

2

There are good reasons why inmate employment should be treated differently that civilian employment. A civilian employee's private interest in retaining his employment is clearly more significant than an inmate's interest in having a job assignment. A civilian employee relies upon his job to feed himself and his family. On the other hand, an inmate does not require an inmate job for his livelihood. Rather, his food and lodging are already supplied by the state. Second, interference with the civilian employee's job can have a devastating affect on his career and future employment. On the other hand, the loss of an inmate job does not result in any great loss to the inmate. Finally, the amount of wages involved in an inmate job is miniscule compared to that received by a civilian worker.

Plaintiff also argues that the recent amendment to DC-ADM 816-5 is punitive in nature and "designed to punish Plaintiff for asserting his constitutional rights to chose what activities to engage in." Brief at p. 2. The Defendants dispute that the amendment to Department policy is punitive in nature. Rather, the change was intended so that inmates would be motivated to take part in educational activities. Further, the Plaintiff has no constitutional right to any particular activity while in prison. *Abdul-Akbar v. Department of Corrections*, 910 F. Supp. 986, 1002 (D. Del. 1995), *aff'd w/o op.*, 111 F.3d 125 (3d Cir. 1997), *cert. denied*, 522 U.S. 852 (1997).

Finally, the Plaintiff contends that the change to the inmate compensation policy is arbitrary and not reasonably related to legitimate penological goals. The Defendants disagree. It is a legitimate penological interest to motivate inmates to participate in educational activities. Such activities further the goal of rehabilitating inmates while they are serving their sentences. The amendment to the Department policy in this regard is intended to have the salutary effect of occupying and improving inmates' minds.

## IV.    CONCLUSION

For all of the above reasons, it is respectfully requested that the Court grant the

Defendants' Motion to Dismiss Plaintiff's Complaint.

Respectfully submitted,

Raymond W. Dorian
Assistant Counsel
Attorney I.D. No. 48148

PA Department of Corrections
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Date:   June 21, 2001

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FIDTLER,                    :
                                   :
        Plaintiff,                 :
                                   :    Civil Action No. 1:CV-01-0955
    v.                             :
                                   :    (Judge Kane)
PENNSYLVANIA DEPARTMENT OF         :
CORRECTIONS, et al.,               :    (Magistrate Judge Smyser)
                                   :
        Defendants                 :

### CERTIFICATE OF SERVICE

I, Raymond W. Dorian, Assistant Counsel, hereby, certify that I served the foregoing

Defendants' Reply Brief in Support of Motion to Dismiss Plaintiff's Complaint, by causing a

copy to be deposited in the U.S. mail, postage prepaid, addressed as follows:

> Joseph Fidtler, CD-2250
> SCI-Coal Township
> 1 Kelley Drive
> Coal Township, PA 17866-1020

Raymond W. Dorian
Assistant Counsel
Attorney I.D. No. 48148
Attorney for Defendants

Pa. Department of Corrections
55 Utley Drive
Camp Hill, Pennsylvania 17011
(717) 731-0444

Dated: June 21, 2001