THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH FIDTLER, | : | CIVIL NO. 1:01-CV-0955 |
| Plaintiff | : | (Judge Kane) |
| v. | : | (Magistrate Judge Smyser) |
| PA DEPARTMENT OF CORRECTIONS; CHARLES STROUP; KAREN RODGERS; CHARLES MCCLOSKEY; and RAY P. SMITH; | : | |
| Defendants | : | |

FILED
HARRISBURG, PA
JUL 1 0 2001
MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

### REPORT AND RECOMMENDATION

The plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint in the Court of Common Pleas of Northumberland County, Pennsylvania. The plaintiff claims that the defendants' refusal to provide him with idle pay violates his due process rights and is a violation of the *ex post facto* clauses of the United States Constitution. On May 30, 2001, the defendants removed the case to this court.

On June 5, 2001, the defendants filed a motion to dismiss the complaint and a brief in support of that motion.

On June 14, 2001, the plaintiff filed a brief in opposition, and on June 21, 2001, the defendants filed a reply brief.

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint; the court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). In a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the burden is on the moving party to show that there is no actionable claim. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). When evaluating a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id.* at 449-50. A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley*

v. *Gibson*, 355 U.S. 41, 44-46 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988).

Defendant the Pennsylvania Department of Corrections contends that the plaintiff's claim against it is barred by the Eleventh Amendment. We agree.

In the absence of consent, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)(per curiam); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984).

The Pennsylvania Department of Corrections is a state agency. Pennsylvania has not waived its Eleventh Amendment immunity, see 42 P.C.S.A. §8521(b), and 42 U.S.C. §1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 342 (1979). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989)(holding that a state and its agencies are not persons within the meaning of 42 U.S.C. §1983).

The individual defendants argue that the plaintiff's claims for monetary damages against them in their official capacities are also barred by the Eleventh Amendment. Again, we agree.

Claims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).

The plaintiff contends that pursuant to DC-ADM 816-5, which provides that inmates who are not assigned a job through no fault of their own shall be given an allowance in accordance with this policy, he is entitled to idle pay and that the defendants' failure to provide him with idle pay violated his due process rights.

The plaintiff fails to state a due process claim in connection with the failure of the defendants to provide him with idle pay since the plaintiff does not have an interest protected by the due process clause in receiving idle pay. *Aultman v. Dept. of Corrections*, 686 A.2d 40 (Pa.Commw.Ct.

4

1996), *aff'd* 701 A.2d 1359 (Pa. 1997); *McCoy v. Chesney*, No. Civ. A. 95-2552, 1996 WL 119990 at *2-4 (E.D.Pa. Mar. 15, 1996).

The plaintiff also contends that a recent amendment to DC-ADM816-5, which conditions receipt of compensation by an inmate on the inmate's participation in educational programs, constitutes an *ex post facto* law.

The United States Constitution forbids *ex post facto* laws. U.S. Const. Art. I, §9 & §10. The *Ex Post Facto* clauses are aimed at laws that retroactively alter the definition of a crime or that increase the punishment for criminal acts. *California Dept. of Corrections v. Morales*, 514 U.S. 499, 504 (1995). Two critical elements must be present for a law to be found to be *ex post facto:* "it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham*, 450 U.S. 24, 29 (1981)(footnotes omitted). The *ex post facto* clauses apply only to laws that are penal in nature. *Collins v. Youngblood*, 497 U.S. 37, 41 (1990)("Although the Latin phrase "ex post facto" literally encompasses any law passed "after the fact," it has long been recognized by this

5

Court that the constitutional prohibition on ex post facto laws applies only to penal statutes which disadvantage the offender affected by them.").

In the instant case, the plaintiff fails to state an *ex post facto* claim upon which relief can be granted. First, on its face, the requirement that an inmate participate in educational programs before receiving any compensation is not punitive; rather, it is a means of encouraging inmates to participate in educational programs - which is a legitimate penological goal. Second, the requirement does not in any way alter the definition of a crime or increase the punishment for criminal acts.

Based on the foregoing, it is recommended that the defendant's motion (doc. 3) to dismiss be granted and that the case file be closed.

J. Andrew Smyser
Magistrate Judge

Dated:   July 10, 2001.

THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FIDTLER,                        : CIVIL NO. **1:01-CV-0955**
                                       :
         Plaintiff                     : (Judge Kane)
                                       :
    v.                                 : (Magistrate Judge Smyser)
                                       :
PA DEPARTMENT OF CORRECTIONS;          :
CHARLES STROUP;                        :
KAREN RODGERS;                         :
CHARLES MCCLOSKEY;                     :          **FILED**
and RAY P. SMITH;                      :      **HARRISBURG, PA**
                                       :
         Defendants                    :          JUL 1 0 2001

                                                MARY E. D'ANDREA, CLERK
                                                PER_____
                          **NOTICE**                   DEPUTY CLERK

        Any party may obtain a review of the Report and Recommendation pursuant to
Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

>   Any party may object to a magistrate judge's proposed findings, recommendations
>   or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or
>   making a recommendation for the disposition of a prisoner case or a habeas
>   corpus petition **within ten (10) days** after being served with a copy thereof.
>   Such party shall file with the clerk of court, and serve on the magistrate judge and
>   all parties, written objections which shall specifically identify the portions of the
>   proposed findings, recommendations or report to which objection is made and the
>   basis for such objections. The briefing requirements set forth in Local Rule 72.2
>   shall apply. A judge shall make a de novo determination of those portions of the
>   report or specified proposed findings or recommendations to which objection is
>   made and may accept, reject, or modify, in whole or in part, the findings or
>   recommendations made by the magistrate judge. The judge, however, need
>   conduct a new hearing only in his or her discretion or where required by law, and
>   may consider the record developed before the magistrate judge, making his or her
>   own determination on the basis of that record. The judge may also receive further
>   evidence, recall witnesses or recommit the matter to the magistrate judge with
>   instructions.

                                                _____
                                                J. Andrew Smyser
                                                Magistrate Judge

Dated: July 10, 2001

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 10, 2001

Re: 1:01-cv-00955    Fidtler v. PA Department of Cor

True and correct copies of the attached were mailed by the clerk to the following:

Joseph Fidtler
SCI-Coal Township
CD-2250
1 Kelly Drive
Coal Township, PA  17866-1020

Raymond W. Dorian, Esq.
Office of Chief Counsel
PA Dept of Corrections
55 Utley Drive
Camp Hill, PA  17011

```
cc:
Judge                          (✓)            ( ) Pro Se Law Clerk
Magistrate Judge               (✓)            ( ) INS
U.S. Marshal                   ( )            ( ) Jury Clerk
Probation                      ( )
U.S. Attorney                  ( )
Atty. for Deft.                ( )
Defendant                      ( )
Warden                         ( )
Bureau of Prisons              ( )
Ct Reporter                    ( )
Ctroom Deputy                  ( )
Orig-Security                  ( )
Federal Public Defender        ( )
Summons Issued                 ( ) with N/C attached to complt. and served by:
                                   U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5            ( )
Order to Show Cause            ( ) with Petition attached & mailed certified mail
                                   to:  US Atty Gen  ( )    PA Atty Gen ( )
                                        DA of County ( )    Respondents ( )
Bankruptcy Court               ( )
Other _____         (✓)
```

MARY E. D'ANDREA, Clerk

DATE: 7/10/01        BY: _____
                         Deputy Clerk