ORIGINAL

FILED
HARRISBURG, PA

JUL 1 6 2001

MARY E. D'ANDREA, CLE
Per _____
        Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FIDTLER,                          :
                                         :
            Plaintiff,                   :
                                         :        Civil Action No. 1:CV-01-0955
                                         :
    v.                                   :
                                         :        (Judge Kane)
PA DEPARTMENT OF CORRECTIONS,            :
CHARLES STROUP, KAREN ROGERS,            :        (Magistrate Judge Smyser)
CHARLES MCCLOSKEY,                       :
RAY SMITH,                               :
                                         :
            Defendants                   :

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR STAY OF DISCOVERY**

## I.    STATEMENT OF THE CASE

Plaintiff is an inmate currently incarcerated at the State Correctional Institution at Coal

Township ("SCI-Coal Township").  He has brought this civil rights action under 42 U.S.C.

§1983.  The Defendants include the Pennsylvania Department of Corrections, Educational

Guidance Counselor Stroup, Counselor Rodgers, Employment Vocational Coordinator

McCloskey and Unit Manager Smith.

In his complaint, the Plaintiff challenges a recent amendment to Department Policy DC-

ADM 816-5, entitled "Inmates Compensation System."  Under the amendment to DC-ADM

816-5: "Any inmate refusing an educational program shall not be compensated in any manner."
See Plaintiff's complaint at p. 3.

On August 21, 2000, the Defendants "instigated a plan to force Plaintiff to participate in school programs against his will" by discontinuing his inmate allowance or idle pay, if he refused to take part in educational programs. On August 24, 2000, Defendant Rodgers recommended a discontinuation of the inmate allowance or idle pay to the Plaintiff. Defendant McCloskey subsequently discontinued the allowance pay, "without notice or hearing." See Plaintiff's complaint at p. 3.

On September 5, 2000, Plaintiff filed an official inmate grievance. Defendant Smith allegedly promised to restore the Plaintiff's daily allowance or idle pay if he withdrew the grievance. Plaintiff agreed to the terms, but Smith "disrespected the contract and failed to restore the allowance." See Plaintiff's complaint at pp. 3-4. Plaintiff contends that the amendment to DC-ADM 816-5 is unconstitutional since it is an illegal ex post facto law. He also alleges that it deprives him of his due process rights. See Plaintiff's complaint at p. 4.

This matter was initiated by the Plaintiff filing a complaint in the Court of Common Pleas of Northumberland County on April 25, 2001. The Defendants subsequently removed this matter to federal court. On July 9, 2001, the Defendants were served with Plaintiff's first set of interrogatories.

This brief is filed in support of the Defendants' Motion for Stay of Discovery.

2

## II.     STATEMENT OF ISSUE PRESENTED

SHOULD ALL DISCOVERY BE STAYED PENDING THE RESOLUTION OF THE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND ANY SUBSEQUENT MOTION TO DISMISS?

Suggested Answer:     YES.

## III.     ARGUMENT

ALL DISCOVERY SHALL BE STAYED PENDING THE RESOLUTION OF THE DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT, AND ANY SUBSEQUENT MOTION TO DISMISS.

The parties may move for a stay of discovery pending the resolution of a motion to dismiss the complaint. *In Re Lotus Development Corp. Securities Litigation*, 875 F. Supp. 48, 51-2 (D.Mass. 1995). If a pending motion to dismiss may dispose of the entire action and discovery is not needed to rule on the motion, the Courts will generally favor granting a motion to stay discovery. *See Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir. 1984); *Weisman v. Mediq, Inc.*, 1995 U.S. Dist. LEXIS 5900 at *5-6 (E.D. Pa. 1995)(copy attached); *Jackson v. Northern Telecom, Inc.*, 1990 U.S. Dist. LEXIS 3572, at * 1 (E.D.Pa. 1990)(copy attached).

In *Weisman*, the trial court granted the defendant's motion to stay discovery in a RICO action. The court noted that by "imposing a stay the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur. In short, the stay will potentially save time and money for all concerned." 1995 U.S. Dist LEXIS 5900 at *6. The court also found that the plaintiff would not be prejudiced by the stay.

In the interest of judicial economy and efficiency, the Plaintiff's discovery request upon the Defendants should be stayed pending the outcome of the Defendants' Motion to Dismiss Plaintiff's Complaint. In their Motion to Dismiss, the Defendants allege that the Plaintiff has not

alleged any constitutional violations by the Defendants. The Defendants believe that is likely that their Motion to Dismiss will be granted and the Plaintiff's claim dismissed. This will have the effect of mooting out the Plaintiff's discovery request. It will be a waste of the Defendants' time and effort to respond to discovery request, which may turn out to be unnecessary in the future.

Nor will the Plaintiff be prejudiced in any way by a stay of discovery in this matter. There is no danger of loss of witnesses or evidence pending the Court's decision on the Defendants' pending motion to dismiss. The witnesses are relatively young and healthy.

## IV.    CONCLUSION

For all of the above reasons, it is respectfully requested that the Court stay all discovery pending the outcome of the Defendants' Motion to Dismiss Plaintiff's Complaint and any subsequent motion to dismiss.

Respectfully submitted,

Raymond W. Dorian
Assistant Counsel
Attorney I.D. No. 48148

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: July 16, 2001

4

●                                            ●STAY of DISCOVER

1995 U.S. Dist. LEXIS 5900 printed in FULL format.

WEISMAN v. MEDIQ, INC., et al.

CIVIL ACTION NO. 95-1831

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1995 U.S. Dist. LEXIS 5900

May 3, 1995, Decided

May 3, 1995, FILED; May 4, 1995, ENTERED

COUNSEL: [*1] For JEFFREY S. WEISMAN, DR., PLAINTIFF: BRIAN P. KENNEY, MARK J. SCHWEMLER, ELLIOTT, REIHNER, SIEDZIKOWSKI, NORTH & EGAN, P.C., BLUE BELL, PA.

For MEDIQ, INC., DEFENDANT: DAVID H. PITTINSKY, BALLARD, SPAHR, ANDREWS AND INGERSOLL, PHILA, PA. For MEDIQ IMAGING SERVICES, INC., AMERICAN CARDIOVASCULAR IMAGING LABS, INC., MEDIQ MOBILE X-RAY AND EKG, INC., DEFENDANTS: MICHAEL J. HOLSTON, PHILA, PA.

JUDGES: Majorie O. Rendell, J.

OPINIONBY: Majorie O. Rendall

OPINION: MEMORANDUM

Rendell, J.

May 3, 1995

Before the Court are (1) plaintiff's Motion for Leave to Take Expedited Discovery; (2) defendants' Motion to Stay Discovery; and (3) plaintiff's Motion to Compel Non-Party Mediq Mobile X-Ray and EKG, Inc. to Comply with Subpoena. For the following reasons, plaintiff's motions will be denied and defendants' motion will be granted.

I. Background

Plaintiff filed the instant action on March 29, 1995, alleging various acts of misconduct relating to fraudulent Medicare overcharges in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), *18 U.S.C. § 1962,* et seq., the whistleblower provision of

the False Claims Act, *31 U.S.C. § 3730*(h), and various state [*2] laws. Defendants filed a motion to dismiss on May 2, 1995.

Prior to the filing of the motion to dismiss, the parties filed the three discovery motions now before the Court. Plaintiff's two motions respectively seek leave to take expedited discovery of both defendants and non-parties, and to compel one non-party to comply with a subpoena previously issued by plaintiff. Defendants' motion seeks a stay of discovery during the pendency of the motion to dismiss.

II. Discussion

As grounds for its motion to expedite, plaintiff contends that defendants are currently engaged in a whitewashing scheme to disguise their alleged misconduct, which scheme may include destruction of evidence, attempts to mislead potential witnesses, and other like acts. Plaintiff offers no evidence of such a scheme, other than two letters authored by defendant Stephen Doppelt, an executive of Mediq Imaging Services, Inc. ("MIS"), in which Mr. Doppelt, writing to MIS clients, addresses certain of the issues raised in plaintiff's complaint. While plaintiff construes these letters as a deceptive attempt to cover up acts of wrongdoing, defendants characterize the letters as a sincere effort to clarify proper [*3] billing procedures in light of the concerns previously raised by plaintiff. n1

n1 Plaintiff also argues that expedited discovery is warranted in light of defendants' alleged current attempt to buy out all of its shareholders and take the company "private." I view this argument as a red herring. Plaintiff fails to articulate any valid reason why such a restructuring should be deemed justification for expedited discovery. A corporation's conversion

from public to private status certainly does not entitle it to dispose of documents which may prove relevant to a lawsuit.

These arguments on the issue of expedited discovery must be considered in conjunction with the arguments presented by the parties in regard to defendants' motion to stay discovery. In fact, the motion to expedite is now technically moot. On March 30, 1995, plaintiff provided defendants with its self-executing disclosures pursuant to the Eastern District's Civil Justice Expense and Delay Reduction Plan ("District Plan") Section 4:01, and at that [*4] time made a written demand for early disclosure from defendants pursuant to Section 4:01(a)(1)(D); thirty days having passed since plaintiff's disclosure and demand, plaintiff is now entitled to "seek discovery" from both defendants and non-parties. District Plan, Section 4:01(b). Thus, the relevance of the aforementioned arguments is now directed toward the issue of whether discovery should be stayed rather than whether it should be expedited.

In regard to the motion to stay discovery, courts are empowered under the Federal Rules of Civil Procedure to impose a stay of discovery on a showing of good cause. Fed. R. Civ. P. 26(c); *Howard v. Galesi, 107 F.R.D. 348 (S.D.N.Y. 1985)*. In the instant case, defendants argue that their motion to dismiss, now pending, may dispose of the entire action and therefore constitutes good cause for staying the broad discovery sought by plaintiff--as to both defendants and non-parties--until the motion is decided. Plaintiffs respond with three arguments: (1) that defendants cannot ensure that their employees will preserve potentially incriminating evidence (i.e. the arguments raised in support of the motion to expedite); (2) that dismissal of the [*5] entire case is unlikely; and (3) that non-party discovery is of no moment to defendants.

While a court should not automatically stay discovery when a motion to dismiss is filed, a stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay. See *Coca-Cola Bottling Co. v. Grol, 1993 U.S. Dist. LEXIS 3734,* at * 6-7 (E.D.Pa). Where a pending motion to dismiss may dispose of the entire action and where discovery is not needed to rule on such motion, the balance generally favors granting a motion to stay. See *Rae v. Union Bank, 725 F.2d 478, 481 (9th Cir. 1984)* (affirming stay where dispositive motion decided strictly on pleadings); *Jackson v. Northern Telecom, Inc., 1990 U.S. Dist. LEXIS 3572, 1990 WL 39311,* at * 1 (E.D.Pa.) (granting stay under same circumstances); cf. *United*

*Mine Workers of America v. Arch Mineral Corp., 145 F.R.D. 3, 7 (D.D.C. 1992)* (denying stay where discovery relevant to disposition of motion).

Applying these standards to the case at hand, I conclude that a stay of discovery is appropriate. Having reviewed the motion to dismiss, but without having formed an opinion [*6] as to the merits, I find that the comprehensive motion--which challenges both federal claims as well as all state claims--may be decided on the pleadings and may potentially lead to dismissal of the entire action. The motion is now before me and, assuming that both parties submit response and reply briefs in a timely fashion, will be decided in the near future. By imposing a stay while ruling on the motion, when discovery proceeds the parties will have full knowledge as to which claims are viable and, correspondingly, as to what discovery need occur. In short, the stay will potentially save time and money for all concerned.

Conversely, I do not find that plaintiff will be prejudiced by a stay in any significant way. More specifically, I am not persuaded by plaintiff's contention that a delay will result in loss or alteration of potential evidence or witness testimony. Such conduct would constitute a serious breach of ethics and a possible violation of law. n2 This case is no different from the tens of hundreds of cases where a plaintiff accuses a defendant of fraudulent acts; such accusation does not carry with it a presumption that evidence will be destroyed, nor is the argument [*7] proffered by plaintiff, without evidentiary support, either direct or by inference, sufficiently compelling to create such a presumption.

> n2 As mentioned in plaintiff's response brief, defendant Mediq, Inc.'s annual report to the Securities and Exchange Commission acknowledges an ongoing criminal investigation of non-party Mediq Mobile X-Ray relating to improper billing practices, noting its cooperation with authorities. In light of such investigation, defendants are clearly aware of the seriousness of such allegations and the importance of preserving documents and other evidence that may pertain to such matters.

In regard to the scope of the stay, I will not allow defendants to avoid their responsibility to produce their self-executing discovery in accordance with the District Plan; plaintiff has fulfilled his duty of disclosure, made his demand, and is entitled to reciprocity. I will extend the stay to all non-self-executing discovery, which includes defendants and non-parties alike. Defendants have argued [*8] that allowing non-party discovery to proceed will effectively subject defendants to potentially

needless expenses--by way of participation and monitoring of non-party discovery--which the stay is intended to prevent. While I am aware that at least one court has ruled that such burdens do not constitute "good cause" for staying discovery, see *Howard, 107 F.R.D. at 350,* I find that the breadth of non-party discovery sought by plaintiff, combined with the other factors addressed above, warrants granting a stay across the board.

Accordingly, the motion to expedite will be denied as moot and the motion for a stay of discovery will be granted. In light of the stay to be imposed, the motion to compel non-party compliance with subpoena will be denied without prejudice to plaintiff's ability to refile the motion if and when the stay is lifted.

ORDER

AND NOW, this 3rd day of May, 1995, upon consideration of (1) plaintiff's Motion for Leave to Take Expedited Discovery; (2) defendants' Motion to Stay Discovery; and (3) plaintiff's Motion to Compel Non-Party Mediq Mobile X-Ray and EKG, Inc. to Comply with Subpoena, and all responses and replies thereto, for the reasons addressed in an [*9] accompanying Memorandum, it is hereby ORDERED:

1.  Plaintiff's Motion for Leave to Take Expedited Discovery is DENIED AS MOOT.

2.  Defendants' Motion to Stay Discovery is GRANTED, in that all non-self-executing discovery is hereby STAYED, as to defendants and non-parties alike, until further ordered by this Court.

3.  Plaintiff's Motion to Compel Non-Party Mediq Mobile X-Ray and EKG, Inc. to Comply with Subpoena is DENIED WITHOUT PREJUDICE. Should circumstances warrant the refiling of this motion if and when discovery is reopened, plaintiff is granted leave to do so.

BY THE COURT:

Marjorie O. Rendell, J.

DISCOVERY / STAY

1990 U.S. Dist. LEXIS 3572 printed in FULL format.

ARTHUR JACKSON v. NORTHERN TELECOM, INC., MICHAEL LOPIANO, RALPH PAPA, PETER DEPIERRO, NANCY GALLIGAN, AND JOHN KILCOYNE

Civil Action No. 90-0201

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

1990 U.S. Dist. LEXIS 3572

March 29, 1990, Decided; March 30, 1990, Filed; April 2, 1990, Entered

COUNSEL: [*1]

Arthur Jackson, Esq., Philadelphia, Pennsylvania, for Plaintiff.

NORTHERN TELECOM; MICHAEL LOPIANO; RALPH PAPA, PETE DIPIERRO; NANCY GALLIGAN; JOHN KILCOYNE: Bertrand Pogrebin, Esq., Alan C. Becker, Esq., Richard G. Kass, Esq., RAINS & POGREBIN, P.C., Mineola, New York, Pro Hac Vice.

OPINIONBY: NAYTHONS, Magistrate

OPINION: MEMORANDUM AND ORDER

EDWIN E. NAYTHONS, UNITED STATES MAGISTRATE

Presently before the court are plaintiff's motion to compel discovery and defendants' cross-motion to stay discovery until defendants' motion to dismiss the complaint is ruled upon. For the reasons which follow, defendants' motion to stay discovery is granted. The court will reserve its ruling on plaintiff's discovery motion until such time as this court rules upon defendants' motion to dismiss.

DISCUSSION

A district court may properly exercise broad discretion in discovery matters. *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976). See, e.g., *Swanner v. United States*, 406 F.2d 716, 719 (5th Cir. 1969). In particular, a United States Magistrate is given broad discretion to stay discovery pending decision on a dispositive motion. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 [*2] (11th Cir. 1985); *Scroggins, supra, at 1133* ("no possible abuse of discretion in or-

der staying general discovery until the court could determine whether the case would be resolved at summary judgment stage"); *Swanner, supra, at 719*. See, e.g., *Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1304 n.13 (5th Cir. 1983) ("decision to prevent unnecessary discovery because the case could well be decided on the parties' motions"). An exception is made when a party would be denied discovery which relates to the dispositive motion. See *Scroggins, supra, at 1133*. However, that circumstance is not present in the instant matter.

In the present matter, defendants have informed the court that they "will serve their motion to dismiss the complaint on April 6, 1990," see, March 27, 1990 letter to the court from Richard G. Kass, Esquire, and that all discovery relevant to such a motion has been completed. See, defendants' reply brief, at 2. Therefore, in the interest of judicial economy, and with a view toward preventing possibly unnecessary and expensive discovery, this court will grant defendants' motion to stay discovery. See *Ingram Corp., supra, at 1304 n. 13*; [*3] *Scroggins, supra, at 1133*. Cf. *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30 (3d Cir. 1970).

An appropriate order follows.

ORDER

AND NOW, this 29th day of March, 1990, upon consideration of defendants' cross-motion to stay discovery until defendants' motion to dismiss is ruled upon, it is hereby ORDERED that defendants' motion is GRANTED. All discovery is hereby stayed until such time as the court rules upon defendants' motion to dismiss the complaint, said motion to be made by April 6, 1990.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOSEPH FIDTLER,                                    :
                                                   :
       Plaintiff,                             :
                                                   :        Civil Action No. 1:CV-01-0955
     v.                                      :
                                                   :        (Judge Kane)
PA DEPARTMENT OF CORRECTIONS,  :
CHARLES STROUP, KAREN RODGERS, :               (Magistrate Judge Smyser)
CHARLES MCCLOSKEY, and                 :
RAY SMITH,                                         :
                                                   :
       Defendants                             :

### CERTIFICATE OF SERVICE

I hereby certify that I am this day depositing in the U.S. mail a true and correct copy of

the foregoing Defendants' Brief in Support of Motion for Stay of Discovery upon the person(s)

and in the manner indicated below.

Service by first-class mail
addressed as follows:

Joseph Fidtler, CD-2250
SCI-Coal Township
1 Kelley Drive
Coal Township, PA  17866-1020


_Janelle C. Stapleton_
Janelle C. Stapleton
Clerk Typist 2

PA Department of Corrections
Office of Chief Counsel
55 Utley Drive
Camp Hill, PA  17011
(717) 731-0444

Dated: July 16, 2001