ORIGINAL

THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT PENNSYLVANIA
HARRISBURG

FILED
JUL 19 2001
MARY E. D'ANDREA, CLERK
Per _____ DEPUTY CLERK

JOSEPH FIDTLER

v.

PA. DEPT. OF CORRECTIONS

CIVIL NO. 1:01-CV-0955

(JUDGE KANE)
(MAGISTRATE JUDGE SMYSER)

## PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMEDATION

On July 12-2001 Plaintiff received the said Report and Recommedation in which Judge Smyser recommed Plaintiff's complaint be dismissed as follows

1. "The Defendant the Pa. Dept. of Corrections contends that the Plaintiff claim against it is barred by the Eleventh Amendment" However the Supreme Court has promulgated an exception to the State Sovereign Immunity grant. This well established rule states that "suits may be maintained in federal court against state officials in their official capacity notwithstanding the Eleventh Amendment." Ex Parte Young, 209 U.S. 123 28 S.Ct. 441 52 L.Ed. 714 (1908). The rule was later limited to actions where the relief sought was equitable in nature and prospective in operation. Edelman 415 U.S. at 664-68 94 S.Ct. at 1356. In the case at bar Plaintiff does not seek an award from the Dept. of Corrections rather it seeks injunctive and declaratory relief. Plaintiff's complaint at page 5. The named defendants are sued in both their official and individual capacities. Personal capacity suits seek to impose personal liability upon state actors; damages are recoverable from the officials personal assets. Kentucky v. Graham, 473 U.S. 159 166 105 S.Ct. 3099 3105 87 L.Ed 2d 114 (1985).

2. On July 27 1993 Plaintiff was sentence to a term of 5½ to 11 years. There nothing stipulated, recommended, or ordered in the sentence to participate in prison programs. The amended policy 816-5 has effectively increased the punishment for the criminal act, thereby depriving Plaintiff of due process liberty protected right — the right to rely on the legally imposed sentence. The enhancement of a

sentence that does not stipulate, recommend, or order participation in prison programs. The due process clause protects liberty interest if the condiction or degree of confinement are not a part of the sentence imposed upon the inmate. Kentucky Dept. of Correction vs. Thompson, 490 U.S. at 460-61 (1989).

Based on the foregoing plaintiff respectfully pray the court to reject the said report and recommendations

Dated July 13/2001                    Joseph Fissler