OFFICE OF THE CLERK

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
21400 United States Courthouse
601 Market Street
Philadelphia PA 19106-1790

Marcia M. Waldron
Clerk

Telephone
267-299-4928

www.ca3.uscourts.gov

December 17, 2002

Mrs. Mary D'Andrea
U.S. District Court for the Middle District of Pennsylvania
Middle District of Pennsylvania
228 Walnut Street
Room 1060
Harrisburg, PA  17108

**RE: Docket No. 01-3994**
    **Fidtler  vs. PA Dept Corrections**
    **D. C. CIV. No. 01-cv-00955**

Dear Mrs. D'Andrea:

   Enclosed is a certified copy of the judgment in the above-entitled case(s), together with copy of the opinion. The certified judgment is issued in lieu of a formal mandate and is to be treated in all respects as a mandate.

   (X) We return herewith the certified record in the case(s).

   ( ) We release herewith the certified list in lieu of the record.

   Kindly acknowledge receipt for same on the enclosed copy of this letter.

   Counsel are advised of the issuance of the mandate by copy of this letter. A copy of the certified judgment is also enclosed showing costs taxed, if any.

                                 Very truly yours,
                                 MARCIA M. WALDRON
                                 Clerk

                            By:  Carmella Wells
                                 Case Manager

Enclosure

cc:
    Mr. Joseph Fidtler
    Raymond W. Dorian, Esq.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-3994

JOSEPH FIDTLER,

Appellant

v.

PA DEPARTMENT OF CORRECTIONS;
CHARLES STROUP; KAREN RODGERS;
CHARLES MCCLOSKEY; RAY P. SMITH

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-00955)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
on September 9, 2002

Before: NYGAARD, ROTH
and WEIS Circuit Judges

(Opinion filed: November 25, 2002)

FILED
HARRISBURG, PA

DEC 1 9 2002

MARY E. D'ANDREA, CLERK
Per _____

OPINION

ROTH, Circuit Judge:

Appellant Joseph Fidtler brought a civil rights action in the Court of Common Pleas of Northumberland County, Pennsylvania, against the Department of Corrections and several of its employees. In his suit, he challenged a new prison policy on inmate compensation. The defendants removed the case to the United States District Court for the Middle District of Pennsylvania. The District Court dismissed his suit and Fidtler appealed.

Pursuant to Department of Corrections Amendment 816, "any inmate refusing an education program should not be compensated in any manner." Because Fidtler refused to participate in an adult education program, he was refused "idle pay." "Idle pay" is given to inmates who, through no fault of their own, do not have a prison work assignment. DC ADM 816-5. Fidtler claims on appeal that (1) the claims brought against the Department of Corrections for Pennsylvania are not barred by the Eleventh Amendment, (2) the refusal of an allowance without notice or a hearing violates the Fourteenth Amendment's conception of due process, and (3) the policy change constitutes an illegal *ex post facto* law.

We have jurisdiction pursuant to 28 U.S.C. § 1291 from the final order dismissing the case under Rule 12(b)(6). We exercise plenary review to determine whether Fidtler is

2

entitled to any relief under any reasonable reading of the pleadings. <u>Langford v. City of Atlantic City</u>, 235 F.3d 845, 847 (3d Cir. 2000) (citing <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)).

The District Court concluded that Fidtler's claim was barred by the Eleventh Amendment on the basis that a state agency is not a person within the meaning of 42 U.S.C. § 1983. See <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 71 (1991). Under <u>Will</u>, a suit in federal court against the state or one of its agencies is barred by the Eleventh Amendment. However, since the time that the District Court dismissed Fidtler's claim against the department and the individual defendants in their official capacities as barred by the Eleventh Amendment, the Supreme Court has ruled in <u>Lapides v. Board of Regents of the University System of Georgia</u>, 122 S. Cit. 1640 (2002), that a state's removal of a suit to federal court constitutes waiver of its Eleventh Amendment immunity. Under <u>Lapides</u>, therefore, the dismissal of the claims on Eleventh Amendment grounds cannot stand.

The District Court did, however, go on to consider the merits of Fidtler's claim. First, the District Court held that Fidtler had failed to show an interest in receiving idle pay which was protected by the Due Process Clause of the Fourteenth Amendment. See <u>Aultman v. Dept. of Corrections</u>, 686 A.2d 40, 42-42 (Pa. Commw. Ct. 1996), <u>aff'd</u> 701 A.2d 1359 (Pa. 1997); <u>McCoy v. Chesney</u>, 1996 WL 119990, **2-3 (E.D.Pa. Mar. 18, 1996). Additionally, we have held that a state inmate does not have a liberty or property

3

interest in prison employment. Bryan v. Verner, 516 F.2d 233, 240 (3d Cir. 1975). Therefore, Fidtler has failed to show an interest protected by the Fourteenth Amendment.

Moreover, we agree with the District Court that the new policy does not constitute an illegal *ex post facto* law. The Supreme Court has described an illegal *ex post facto* law as one "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." Weaver v. Graham, 450 U.S. 24, 28 (1981) (quoting Cummings v. Missouri, 18 L.Ed. 356 (1867)). Further, the *ex post facto* clause only applies to laws that are penal in nature. Collins v. Youngblood, 497 U.S. 37, 41 (1990).

The enactment of the new policy is not punitive. It is meant only to encourage inmates to participate in educational programs. Courts give broad deference to prison administrators' policies that are "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987). Moreover, the policy does not affect Fidtler's term of incarceration in any way. Hence, the policy does not fall within the ambit of an illegal *ex post facto* law.

Because we agree with the District Court that there is no due process violation and that the new policy is not an illegal *ex post facto* law, we will affirm the dismissal of Fidtler's action by the District Court.

4

---

TO THE CLERK:

    Please file the foregoing Opinion.

                            By the Court,

                            /s/ Jane R. Roth
                            Circuit Judge

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 01-3994

JOSEPH FIDTLER,

Appellant

v.

PA DEPARTMENT OF CORRECTIONS;
CHARLES STROUP; KAREN RODGERS;
CHARLES MCCLOSKEY; RAY P. SMITH

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 01-cv-00955)
District Judge: Honorable Yvette Kane

Submitted Under Third Circuit LAR 34.1(a)
on September 9, 2002

Before: NYGAARD, ROTH
and WEIS Circuit Judges

FILED
HARRISBURG, PA

DEC 1 9 2002

MARY E. D'ANDREA, CLER
Per _____

**JUDGMENT**

This case came on to be heard on the record before the United States District Court

for the Middle District of Pennsylvania and was submitted pursuant to

Third Circuit LAR 34.1(a) on June 10, 2002;

On consideration whereof,

IT IS ORDERED AND ADJUDGED by this Court that the judgment of the District Court dated October 19, 2001, be and the same is hereby affirmed. Costs taxed against appellant.

All of the above in accordance with the opinion of this Court.

ATTEST:

*Kathleen Brennan*

Chief Deputy Clerk

Dated: November 25, 2002

Costs taxed in favor of Appellees as follows:
  Brief...........................................$ 19.80
  Appendix...................................$ 31.90
  TOTAL.......................................$ 51.70

**Certified as a true copy an issued in lieu
of a formal mandate on December 17, 2002**

Teste:    *Kathleen Brennan*
**Chief Deputy Clerk, U.S. Court of Appeals for the Third Circuit.**